UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
"IN ADMIRALTY"

WORLD FUEL SERVICES (SINGAPORE) PTE LTD
d/b/a World Fuel Services,

    Plaintiff,

vs.

24VISION CHARTERING SOLUTIONS DMCC,
ALCYONE INTERNATIONAL MARINE INC.

    Defendants.
_____/

**COMPLAINT**

COMES NOW, Plaintiff WORLD FUEL SERVICES (SINGAPORE) PTE LTD d/b/a World Fuel Services ("WFS") by and through undersigned counsel to hereby file its complaint against Defendants 24VISION CHARTERING SOLUTIONS DMCC ("Charterer") and ALCYONE INTERNATIONAL MARINE INC. ("Owner") (collectively "Buyers") as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Court has jurisdiction pursuant to 28 U.S.C. §1333.

2. Plaintiff WORLD FUEL SERVICES (SINGAPORE) PTE LTD is a company organized under the laws of Singapore with an address at 238A Thomson Road #08-01 Novena Square Tower A Singapore 307684.

3. Plaintiff is part of the World Fuel Services Marine Group of companies and is an indirect and wholly owned subsidiary of World Fuel Services Corporation which is

a Florida corporation traded publicly on the New York Stock Exchange under the ticker symbol "INT" (hereinafter referred to as "World Fuel Services" or "WFS"), based in this District at 9800 N.W. 41st Street, Suite 400, Miami, Florida 33178.

4. Plaintiff sells and supplies fuel oil and lubricants to ocean going cargo vessels and tankers.

5. Defendant Charterer, 24VISION CHARTERING SOLUTIONS DMCC, is an entity organized and domiciled in the United Arab Emirates with a current address of Unit No: 2801 Platinum Tower Plot No: JLT-PH1-I2 Jumeirah Lakes Towers Dubai UAE and was a time charterer of the Bulk Carrier "GENTLE SEAS" bearing IMO Number: 9703514 (the "Vessel").

6. Defendant Owner, ALCYONE INTERNATIONAL MARINE INC., is a Liberian entity with a registered address of 80 Broad Street Monrovia (Liberia) and is the registered owner of the Vessel.

7. On or about April 18, 2019, the Plaintiff and the Defendants entered into a purchase and sale contract for the delivery of fuel to the Vessel. A true and correct copy of the Sales Confirmation is attached hereto as Exhibit "A".

8. This Purchase and Sale Contract incorporated "The World Fuel Services Marine Group of Companies General Terms and Conditions dated May 1, 2016." A true and correct copy of the General Terms and Conditions dated May 1, 2016 is attached hereto as Exhibit "B".

9. On May 14, 2019, when the quantity of fuel was confirmed under the contract, an updated Confirmation was sent, which also incorporated the same Terms and

Conditions set forth in Exhibit "B". A true and correct copy of the updated Confirmation is attached hereto as Exhibit "C".

10. As such, under section 10 of Exhibit "B", the Defendant is subject to the Court's personal jurisdiction under Fla. Stat. § 48.193(9).

11. Venue under Section 10 of Exhibit "B" is also permitted in the Southern District of Florida.

12. As such, this Court is a proper venue and the Court has subject matter jurisdiction over the issues and personal jurisdiction over the parties.

13. WFS filed an action for a conservatory arrest of the Vessel in the port of Owendo (Gabon) which was granted by the President of the Tribunal de Commerce de Libreville on 10 July 2020, a procedural measure alleging maritime claim(s) whereby the Vessel was arrested.

14. No security has been posted to date.

15. The Vessel remains under arrest and, in accordance with Gabonese law on conservatory arrests, this action is being instituted as a result.

**COUNT I – BREACH OF MARITIME CONTRACT AGAINST DEFENDANTS**

16. On or about April 18, 2019, the parties entered into a purchase and sale agreement for the delivery of fuel to the Vessel. *See* Exhibit "A".

17. On or about May 14, 2019, after confirming the correct quantity of fuel actually needed, the Plaintiff and the Defendants updated their purchase and sale contract for the delivery of fuel to the Vessel. *See* Exhibit "B".

18. The purchase order memorialized in the Confirmations was made by Defendant Charterer for itself and Defendant Owner as per the Seller's Terms and Conditions of the contract. *See* Exhibit "B."

19. On May 14, 15, 16, and 17, 2019, the owner's representative and authorized agent, Inchcape Shipping Services, continually wrote to Seller repeatedly acknowledging notice and authorization for the fuel purchased, without any objection to the terms and conditions binding the Owner and repeatedly insisting the fuel purchased be supplied promptly writing on every day noted above "(a)s the vessel is on a very tight schedule, please program for your bunker barge to supply promptly…We/Owner will not accept any delay in the supply."

20. Defendant Owner allowed Defendant Charterer to purchase fuel and bind the Defendant Owner when the Owner manifested actions to make the Defendant Charterer appear as if it was acting as its agent by (1) turning over its Vessel to the Defendant Charterer to operate and manage; (2) by authorizing the Defendant Charterer to purchase fuel on behalf of itself and Vessel, (3) by repeatedly acknowledging on the four days leading up to the delivery notice of the fuel purchase, implied authority of the fuel purchase and opportunity to object to binding the owner without doing so; and (4) after having full knowledge of the purchase contract and order binding the Defendant Owner pursuant to the terms of the contract, then subsequently authorizing its Master and crew to accept the bunkers provided and supplied by the Plaintiff without protest or objection to the terms the Defendant Owner knew and/or should have known bound the Owner to the contract for the fuel at issue in this lawsuit.

21. Pursuant to the May 14, 2019 final Confirmation and confirmed by a Bunker Delivery Note (receipt for the fuel supplied), the Vessel was provided, on May 18, 2019, at the port of Singapore with 598.9660 metric tons of fuel 380 CST / RMG 380 Max 3.5%S(10) at USD 428.00 per metric ton. True and correct copies of the final Confirmation and Bunker Delivery Note are attached, respectively, hereto as Exhibits "B" and "D".

22. An invoice bearing number 309549-31501 was issued on May 27, 2019 by WFS Singapore for the contractual debtors; the Vessel, the Defendant Owner, the Defendant Charterer, and the Vessel operator(s), for an amount of USD 256,357.45. A true and correct copy of the Invoice is attached hereto as Exhibit "E".

23. The invoice was due July 2, 2019 and remains unpaid to date, constituting a material breach of the parties' agreement.

24. Plaintiff has suffered damages as a result of this material breach; as of August 6, 2020, for this delivery, Defendants owe $319,870.89, made up of $256,357.45 in principal, $50,695.56 in interest, and $12,817.87 in contractual fees. A true and correct copy of the Statement of Account for WORLD FUEL SERVICES (SINGAPORE) PTE LTD as of August 6, 2020 is attached hereto as Exhibit "F".

WHEREFORE, in accordance with the contract at issue, Plaintiff respectfully requests the Court to enter Final Judgment in its favor against the Defendants for Plaintiff's damages, in the amount of $319,870.89 as of August 6, 2020, for which additional interest, contractual fees, attorneys' fees, and costs have accrued or will continue to accrue.

Dated: August 6, 2020

Respectfully submitted,
**WAGNER LEGAL**
Attorney for Plaintiff
3050 Biscayne Blvd., #904

Miami, FL 33137  
Telephone: (305) 768-9247  
Facsimile: (305) 306-8598  
By: **/s/ Scott A. Wagner**  
Scott Wagner, Esq.  
Florida Bar No. 10244
